### ZECHARIAH DIXON vs. DOE, ex dem. PORTER.

In the action of ejectment, with the single exception of a purely resulting trust, the legal title only is involved, and evidence of a merely equitable title is inadmissible.

If a patent be absolutely void, as where the government had no title to the land, or where the officers had no authority to issue the grant, the question may be examined as well at law as in equity.

But if the patent be not void, and where it is attacked because of extrinsic fraud, or sought to be made subservient to a superior equity, the object can only be accomplished by some direct proceeding, either at law or in equity. It cannot be done collaterally in the action of ejectment.

A tax collector's deed for land, the title to which, at the time of the sale, was in the United States, communicates no title to the purchasers. Until sold by the government, land is not liable to taxation, and the tax collector's sale and deed are consequently void.

*Brown* v. *Weast*, 7 Howard, 181, cited and explained, and distinguished from the present case.

Points not made in the court below will not be noticed by the appellate court. Where, therefore, in an action of ejectment, process was served upon F., who was proved upon the trial to be in the possession of the land, and D. by consent was admitted to defend, as the person who claimed the title, but was not proved to be in possession of the land, a reversal, upon that ground, was refused, the question not having been raised in the court below.

JAMES B. PORTER instituted this action of ejectment in the circuit court of Amite county, to recover the possession of lots No. 3 and 4, on fractional section 40, S. 2, R. 2, east, in the district of land subject to sale at Washington, Mississippi. The declaration was filed at the March term, 1844, and served on George W. Faxon, he being tenant in possession. It was ordered by the court, by consent of both parties and their

attorneys, that Archibald Dixon, who claimed title to the premises in controversy, be made defendant in place of the defendant, Richard Fenn.  Dixon then entered into the consent rule, and pleaded not guilty.  The jury found a verdict in favor of Porter, the plaintiff below.

A motion for a new trial was made and refused by the court, from which decision of the court Dixon prayed a writ of error to this court.

*D. Mayes,* for plaintiff in error.

*Duffield,* for defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of ejectment in the circuit court of Amite county.  On the trial, the plaintiff gave in evidence a patent for the land in dispute, bearing date in 1845, and there rested his case.

The defendant offered to read in proof a sheriff's tax sale deed for the same land, bearing date in 1829, and offered also to read various certificates of the register of the land-office at Washington, Mississippi, in regard to payments for the same land, some of them bearing date as far back as 1815.  These were all excluded by the court, at the instance of the plaintiff. A motion was made for a new trial, which was overruled.  To this action of the court bills of exception were filed, and the case thence comes to this court.

In the action of ejectment, there is usually nothing but the legal title involved.  The only exception admitted in this court, is the case of a purely resulting trust.  See *Brown* v. *Weast,* 7 How. 181.  The papers which were excluded by the court below, were at most evidence only of an equitable title, and were, therefore, properly held to be inadmissible.  If the patent of the plaintiff had been absolutely void, as where the government had no title to the land, or where the officer had no authority to issue the grant, the question might be examined, as well at law as in equity.  *Doe* v. *Winn,* 11 Wheat. 380; *Hit-tuk-ho-mi* v. *Watts,* 7 S. & M. 366; *Wray* v. *Doe,* 10 Ib. 462; *Stoddard* v. *Chambers,* 2 How. S. C. R. 317.

But where the patent is not void, for some reason of that character, and where it is attached because of extrinsic fraud, or sought to be made subservient to a superior equity, there must be some direct proceeding either at law or in chancery, to test the validity of the patent, or to make the prior legal title yield to the preferable equity.   It cannot be done collaterally in the action of ejectment.

In *Dickinson* v. *Doe, ex dem. Brown*, 9 S. & M. 130, this court decided, that a junior patent must prevail in an action of ejectment against an older entry.

The tax collector's deed could convey no right to land, the title to which, at the time of the sale for taxes, was in the United States.   Until sold by the government, it was not liable to taxation, and the sale and deed are consequently void.

This case does not fall within the rule laid down in *Brown* v. *Weast*, 7 Howard, 181.   The principle there asserted is, that the trustee of a satisfied term, cannot set up the dry legal title against the beneficiary.   It would extend the principle much beyond its just limit, to allow any other than the beneficiary himself, to show such outstanding title in the *cestui que trust* to defeat the action of the trustee.   For all the court can know, the trustee may be seeking to recover for the *cestui que trust*.   At all events, it is a matter between the parties to the trust, with which the defendant has no concern.   *Hopkins* v. *Stevens*, 2 Rand. 422.

It is insisted that Dixon was not proved to be in *possession* of the land, but that Faxon was.   The relation which Faxon sustains to Dixon does not distinctly appear, but he was probably his tenant.   The process was served upon him, but by consent Dixon was admitted to defend, as the person who claimed the title.   This point does not seem to have been made in the court below, and we shall not now reverse on that ground.   If Faxon really have title, the judgment in ejectment will not preclude him.

Judgment affirmed.

Smith, J., having been counsel in the court below, gave no opinion.