WILLIAM H. STONE V. ISAAC YOUNG, *et al.*

*Error from Leavenworth County.*

R. R. Rees purchased a piece of land from the United States, and afterwards sold and conveyed it to Jeremiah Clark. While Clark owned it, but before the patent was issued, Wilhite, who was in possession, made a contract to sell and convey it to Young. He put Young in possession, and took Young's promissory note in payment. Wilhite afterwards, with the consent of Young, caused the title to the land to be conveyed to Young's wife. Young has remained in possession all the time. Wilhite assigned the note, after due, to Stone. *Held:*

1. ACTION.—That Stone can maintain an action on the note against Young.
2. CONTRACTS: LEGALITY.—That after land is sold by the United States to an individual and before the patent issues, a contract made with reference to the land, or for the sale of it, is neither illegal nor in contravention of public policy, but is binding upon the parties making the contract.[*]

The facts of the case are set forth in the opinion of the court.

*Hurd & Stillings,* for the plaintiff in error.

*Hemingray,* for defendant in error.

*Hurd & Stillings,* submitted:

1.   All interest in the property and in the contract

---

[*]QUIETING TITLE.—The action being for equitable relief as well as for judgment for money and the defendant in his answer having prayed therefor, the court order a judgment quieting the title of defendant to the lands purchased.

were in the parties to the action, and the court could well determine the equities. 2 *Story Eq.*, § 775, *note* 2, §§ 776, 777, *and cases cited.*

2. The defendant, Young, was, at the time of the purchase, the tenant of Wilhite, and estopped from denying his title. He could not, by any rule of law, be allowed to say that Wilhite was not the owner of the land. As purchaser he is estopped from denying the title till he restores the possession which he received from Wilhite. 4 *Johns.*, 202, 230; 14 *id.*, 284; 1 *Wend.*, 418; 7 *Cow.*, 637, 717; 3 *Pet.*, 62; 12 *id.*, 265, 275, 295, 296; 2 *Greenl. Ev.*, 305, 331, *note* 5; 2 *Wheat.*, 224, *note A.* ; 6 *Eng. L. and Eq.*, 325.

3. The land was subject to sale, under the treaty of 1854, by the United States, at any time. Wilhite could not be affected by any question as to whether the land had been entered, if any such question existed, without notice to him at the time of the contract with Rees. No such notice is found by the court. *Brooks v. Marking,* 11 *Wheat.*, 517.

4. But this question cannot arise in this case, since, at the time of Wilhite's sale, the property was unquestionably the subject of contract; and if he had not had title he could have contracted to get one, and having completed that contract, the defendants could not claim want of consideration or any other excuse for non-performance on their part.

5. There can be no question of illegality in this case; but if there was, the defendants are not in a position to claim it. 2 *Wall.*, 70; 17 *How.*, 232.

*By the Court,* VALENTINE, J. :

R. R. Rees purchased a piece of land from the United

States, and afterwards sold and conveyed it to Jeremiah Clark; and while Clark owned it, but before the patent issued from the United States to Rees, E. S. Wilhite, who was then in possession of the land, made a contract to sell and convey it to the defendant, Isaac Young. Wilhite put Young in possession, and took Young's promissory note in payment for the land. Wilhite afterwards, with the consent of Young, caused the title to the land to be conveyed to Young's wife. Young has continued in peaceable possession all the time. Wilhite assigned said note, after due, to the plaintiff, William H. Stone, and Stone brought the suit on it.

NOTE: CONSIDE-
ration.
We know of no good or valid reason why the plaintiff should not recover from the defendant, Young, the full amount of the note sued on. Young cannot plead a want, or failure of consideration, for he has obtained all that he contracted for; everything that he had any right to expect, and that too, in pursuance of his contract, and as a consideration for the same and for the note sued on.

ILLEGAL CON-
sideration
Neither can he claim that the note was given on an illegal contract, or on a contract in contravention of public policy. At the time the contract was made the land, which was the subject matter of the contract, belonged to Jeremiah Clark and not to the United States, and was a legitimate subject of contract. In the case of Carroll v. Safford, [3 *Howard*, 441,] the Supreme Court of the United States held this language; "When the land was purchased and paid for it was no longer the property of the United States, but of the purchaser. He held for it a final certificate, which could no more be cancelled by the United States than a patent *       *       *       *       * Now, lands which have been

sold by the United States can in no sense be called the property of the United States. They are no more the property of the United States than lands patented. So far as the rights of the purchaser are concerned they are protected under the patent certificate as fully as under the patent. Suppose the officers of the government had sold a tract of land, received the purchase money and issued a patent certificate, can it be contended that they could sell it again and convey a good title? They could no more do this than they could sell land a second time which had been previously patented. When sold, the government, until the patent shall issue, holds the mere legal title for the land in trust for the purchaser, and any second purchaser would take the land charged with the trust." The case of Arnold v. Grimes & Chapman [2 *Iowa*, 1] is also an exhaustive case upon this question. *See also* 1 *Peters.*, 655, 664; 23 *Miss.*, 84; 3 *Mc-Lean*, 107; 7 *O.*, 156; 8 *id.*, 539; 10 *id.*, 69; *and the celebrated case of Gwyenne v. Niswanger, running through two or three of the Ohio reports.*

This case, when it was formerly before this court, [4 *Kas.*, 1,] presented a very different question from the one now presented, and the decision then is not at all applicable as authority in the case as it is now presented.

The judgment of the court below, as between the plaintiff and the defendant, Young, must be reversed, and the cause remanded with the order that the said court enter judgment upon its findings, in favor of the said plaintiff, and against the said Young, for the amount of said note and interest as there found, and the court will enter judgment in favor of the said defendant Young, forever quieting the title to said land, as against said plaintiff.

All the justices concurring.